UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

JAMES LAMMERS,

       Plaintiff,

   v.                                  Case No.  18-CV-1579

PATHWAYS TO A BETTER LIFE, LLC

       Defendant.

---

## COMPLAINT

---

Plaintiff James Lammers, by and through his attorney Summer H. Murshid, of Hawks Quindel, S.C., hereby states his complaint against Defendant, Pathways to a Better Life, LLC.

### NATURE OF THE CASE

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*, and the Wisconsin Fair Employment Act, Wis. Stat. § 111, *et seq.*, seeking back pay, compensatory and punitive damages, and attorney's fees and costs from Defendant for its violations of the Plaintiff's rights to equal employment.

1

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction under 28 U.S.C. § 1331 because this case presents a federal question brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*

2.      This Court has supplemental jurisdiction over the Wisconsin state law claim pursuant to 28 U.S.C. § 1367, as the federal and state law claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendant Pathways to a Better Life, LLC has substantial and systematic contacts in this district.

## PARTIES

4.      James Lammers ("Lammers") is an adult resident of Sheboygan County in the state of Wisconsin. Lammers is a former employee of Pathways to a Better Life, LLC, and worked at the Kiel, Wisconsin location.

5.      Pathways to a Better Life, LLC ("Pathways") is a Wisconsin limited liability company organized under the laws of the state of Wisconsin. Its principal office is located at 13111 Lax Chapel Rd, Kiel, WI, 53042. Its registered agent for service of process is Susan Marie Beattie, located at 10406 Rabe Rd, Kiel, WI, 53042.

## CONDITIONS PRECEDENT

2

6. More than thirty days prior to the institution of this lawsuit, Lammers filed a charge with the Equal Employment Opportunities Commission alleging violations of Title VII by Defendant, Pathways.

7. On July 11, 2018, Plaintiff received a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL BACKGROUND

9. A person's sex is determined by multiple factors, including hormones, external and internal morphological features, external and internal reproductive organs, chromosomes and gender identity. These factors may not always be in alignment.

10. Gender identity – a person's internal sense of their own gender – is the primary factor in determining a person's sex. Every person has a gender identity. There is a medical consensus that gender identity is innate.

11. The phrase "sex assigned at birth" refers to the sex recorded on a person's birth certificate at the time of birth. Typically, individuals are assigned a sex on their birth certificate solely on the basis of appearance of external genitalia at the time of birth. Additional determinants of a person's sex (such as a person's chromosomal makeup or gender identity, for example) are not usually assessed or evaluated at the time of birth.

3

12.     For the majority of people, their gender identity matches their sex assigned at birth.  That is not the case, however, for transgender people.

13.     Transgender persons are people whose gender identity diverges from the sex they were assigned at birth.  A transgender man's sex is male (even though he was assigned the sex of female at birth).

14.     External genitalia are not always determinative of a person's sex.

15.      Where a person's sex-related characteristics are not in typical alignment with each other, gender identity is the primary factor in establishing a person's sex.

16.     Genderqueer or gender non-binary individuals are people whose gender identity is not fixed as male or female – instead, there is an incongruence between the individual's experienced or expressed gender and the external sex characteristics with which they were born.

17.     Given this, an individual's gender and gender identity is necessarily related to his or her sex.

18.     Plaintiff James Lammers was born in 1980 and designated as "male" on his birth certificate.

19.     For over thirty years, Plaintiff Lammers presented as a male.

20.     In 2004, he married his wife. They have two young daughters.

21.     Throughout the majority of his life, Plaintiff Lammers struggled with his gender identity and tried to reconcile the female aspects of his gender while

4

being pushed into stereotypical male roles, including male sports, and male career paths.

22.    It was not until 2015 that Plaintiff Lammers realized that he identified as gender queer/gender non-binary.

23.    Beginning in 2016, Plaintiff Lammers began to, at times, express and present publicly, instead of hide, the female characteristics of his identity. This included wearing female clothing in public, wearing female undergarments, not taping/hiding his visible breasts, wearing his hair in a more stereotypically female fashion, wearing makeup, shaving his body hair, taking herbal pills to encourage growth of his physical female characteristics, and ceasing use of men's and women's public changing rooms.

24.    Plaintiff Lammers was hired by Defendant on January 13, 2017. Defendant hired Plaintiff to work as a full-time mental health counselor in one of Defendant's facilities, located in Kiel, Wisconsin.

25.    Defendant is a residential drug and alcohol treatment center offering services including alcohol and other drug abuse (AODA) and mental health inpatient treatment, subacute detox, and sober living.

26.    At the time he was hired, Plaintiff Lammers did not inform Defendant that he was gender queer/gender non-binary.

27.    While employed, Plaintiff Lammers would wear clothing and present in a manner consistent with his genderqueer/gender non-binary identity, i.e.

5

Plaintiff Lammers would wear clothes and present himself in some stereotypically female ways.

28.     As a result of his nonconforming gender presentation and expression, Plaintiff Lammers was asked by his co-workers about his gender identity on several occasions.  Plaintiff Lammers candidly answered such questions.

29.     On certain occasions, Plaintiff was asked about his gender identity by clients with whom he worked as a counselor. Plaintiff answered client's questions honestly.

30.     Plaintiff never discussed his gender identity in a sexually explicit or sexually inappropriate manner. For example, when asked by a client about his breasts, he referred to them in his answer in clinical terms, such as "mammary glands."

31.     At least three co-workers complained about the discomfort they felt at Plaintiff's gender identity and gender nonconformity. For example, Defendant's employee and Plaintiff's co-worker, Jody Kisolek, complained that Plaintiff's use of female attire left her "embarrassed, uncomfortable, and speechless."

32.     Defendant's employee and Plaintiff's co-worker, Marna Cooper, described Plaintiff's decision to wear a skirt to work as "odd."

33.     Defendant terminated Plaintiff's employment on May 4, 2018. Defendant's stated reason for termination was that Plaintiff was unethical and inappropriate.

6

34.    The American Counseling Association (ACA) code of ethics, which establishes the ethical code by which counselors are bound, requires reporting of any alleged unethical conduct by a counselor. Defendant never reported Plaintiff's conduct to the ACA.

35.    Throughout the course of his employment, Plaintiff performed his job duties and was not subject to discipline regarding his work.

36.    After terminating Plaintiff, Defendant solicited complaints about Plaintiff's performance, all of which post-dated his termination date.

37.    Upon information and belief, Defendant solicited complaints about Plaintiff after his termination as pretext to justify his termination due to his sex, gender identity, and gender nonconforming behavior and expression.

38.    As a result of the adverse employment action taken by Defendant, Plaintiff James Lammers has suffered loss of employment, humiliation, and emotional distress.

## STATEMENT OF CLAIMS

39.    Plaintiff reasserts and incorporates by reference all previous paragraphs set forth herein.

40.    Both Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*, and the Wisconsin Fair Employment Act, Wis. Stat. § 111, *et seq.*, provide that employers may not discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment "because of such individual's . . . sex."

7

41. At all relevant times herein, Plaintiff was an employee of Pathways to a Better Life, LLC.

42. Discrimination on the basis of gender identity or gender nonconformity is discrimination on the basis of "sex" under Title VII.

43. Defendant's actions set forth above violated the Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*, and the Wisconsin Fair Employment Act, Wis. Stat. § 111, *et seq.*, and thereby injured Plaintiff.

44. The unlawful practices complained of in paragraphs 10-39 above deprived Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee because of his sex.

45. The unlawful employment practices complained of in paragraphs 8-33 above were intentional.

46. The unlawful employment practices complained of in paragraphs 8-33 above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff James Lammers seeks the following relief as provided by law:

(1) An order directing Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees

Case 1:18-cv-01579-WCG   Filed 10/09/18   Page 8 of 10   Document 1

with non-traditional gender identities, which eradicate the effects of past and present unlawful practices;

(2) An order directing Defendant to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

(3) An order directing Defendant to make Plaintiff whole by providing compensatory and punitive damages to compensate for past and future nonpecuniary losses including, but not limited to, emotional pain, suffering, inconvenience, and mental anguish resulting from the unlawful practices complained of in the foregoing paragraphs in amounts to be determined at trial;

(4) Reinstatement to an employment position comparable to Plaintiff's former position with Defendant, or, in the alternative, front pay;

(5) Costs and reasonable attorney's fees in amounts to be determined by the Court in accordance with 42 U.S.C. § 2000e *et. seq.*, and the Wisconsin Fair Employment Act, Wis. Stat. § 111, *et seq.*, and;

(6) Such other further legal and equitable relief as the Court may deem appropriate.

Dated this 9th day of October 2018.

Respectfully submitted,

s/ Summer H. Murshid
Summer H. Murshid
SBN 1075404

**Hawks Quindel S.C.**
222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: (414) 271-8650
Fax: (414) 271-8442
Email(s):    smurshid@hq-law.com