# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

**JAMES LAMMERS,**
   **Plaintiff,**           **CASE NO. 18-cv-1579**

  v.

**PATHWAYS TO A BETTER LIFE, LLC,**
   **Defendant.**

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and based on the stipulation of the parties, this Protective Order ("Order") is hereby adopted and entered by the Court. In the absence of a contrary agreement of the parties or further Order by the Court, all information and documents produced in the course of discovery in the above-captioned action shall be subject to the following:

**(A) DEFINITIONS.**

  (1) "CONFIDENTIAL" information means any information determined by the producing party, or a party to this litigation if the document or information is produced by a non-party, acting in good faith, to contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information.

  (2) "ATTORNEYS' EYES ONLY" information means any CONFIDENTIAL information determined by the producing party, or a party to this litigation if the document or information is produced by a non-party, acting in good faith, to contain particularly sensitive trade secrets or other nonpublic confidential, technical, commercial, financial, personal, medical,

or business information that requires protection beyond that afforded by the CONFIDENTIAL designation. Entire documents will not be designated as "ATTORNEYS' EYES ONLY" unless the person in good faith believes the entire document contains the necessary information.

(3) "ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY" information means any CONFIDENTIAL information determined by the producing party, or a party to this litigation if the document or information is produced by a non-party, acting in good faith, to contain particularly sensitive trade secrets or other nonpublic confidential, technical, commercial, financial, personal or business information that requires protection beyond that afforded by the CONFIDENTIAL designation but that may be viewed by the individual employee to whom the document pertains. Accordingly, this designation properly limits the review of such documents. Entire documents will not be designated as "ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY" unless the person in good faith believes the entire document contains the necessary information.

**(B) DESIGNATION OF CONFIDENTIAL, ATTORNEYS' EYES ONLY, OR ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY INFORMATION.**

(1) Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY."

(2) Except for information, documents, or other materials produced for inspection at a party's facilities, the designation of CONFIDENTIAL, ATTORNEYS' EYES ONLY or ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY information must be made prior to, or contemporaneously with, its production or disclosure. In the event that information,

documents, or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked pursuant to this Order. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing CONFIDENTIAL, ATTORNEYS' EYES ONLY or ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY information will then be marked as applicable after copying but before delivery to the inspecting party. There will be no waiver of confidentiality by the inspection of CONFIDENTIAL, ATTORNEYS' EYES ONLY or ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY information, documents, or other materials before it is copied and marked pursuant to this procedure.

(3) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed CONFIDENTIAL, ATTORNEYS' EYES ONLY or ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY under this Order only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

(4) If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL, ATTORNEYS' EYES ONLY or ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, documents, or other material in question and of the corrected confidential designation.

**(C) DISCLOSURE AND USE OF DESIGNATED INFORMATION.**

Information, documents, or other material designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY under this Order must not be used or disclosed by the parties, counsel for the parties, or any persons identified in subparagraphs (C)(1)-(3) below, for any purposes whatsoever other than for preparing and conducting the litigation in which the information, documents, or other material is disclosed (including appeals). Nothing in this Order prohibits a receiving party that is a government agency from following its routine uses and sharing such information, documents, or other material with other government agencies or self-regulatory organizations as allowed by law.

(1) CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to employees of counsel for the parties or, when the party is a government entity, employees of the government, who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance

of the disclosure of the CONFIDENTIAL information, documents, or other material.

  (c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure is made to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

  (d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure is made to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

  (e) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

  (f) Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(2) ATTORNEYS' EYES ONLY INFORMATION. The counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

  (a) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the

information, documents, or other material be held in confidence.

(b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure is made to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(c) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure is made to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(d) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(e) Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

(3) ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY INFORMATION. The counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY" by any other party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be

advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made to the party about whom the document pertains. Accordingly, the individual who is named in the document may review the document if they are a party to the above-captioned matter.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure is made to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure is made to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(e) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY information.

**(C) MAINTENANCE OF CONFIDENTIALITY**.

(1) Except as provided in subparagraph (C), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this

Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(2) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY" if not already containing that designation.

(3) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be CONFIDENTIAL, ATTORNEYS' EYES ONLY or ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY, these papers or any portion thereof must be filed under seal and include either: (a) a motion to seal the material; or (b) an objection to the designation of the information as confidential. If such an objection is made, the person having designated the information as CONFIDENTIAL, ATTORNEYS' EYES ONLY or ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY may file a motion to seal within 21 days of the objection. If a Court filing contains information, documents, or other materials that are designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY" by a third party, the party making the filing shall provide notice of the filing to the third party.

**(D) CHALLENGES TO DESIGNATIONS.**

A party may challenge the designation of confidentiality by motion. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY or

ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY. The Court may award the party prevailing on any such motion actual attorneys' fees and costs attributable to the motion.

**(E)** **CONCLUSION OF LITIGATION.**

At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY or ATTORNEYS'/DESIGNATED EMPLOYEE'S EYES ONLY under this Order must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

## **ORDER**

BASED ON THE FOREGOING STIPULATION, the terms of the parties' Stipulated Protective Order are hereby ordered by the Court.

Dated this 7th day of December, 2018.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach, Chief Judge
                                                  United States District Court