UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES LAMMERS,

        Plaintiff,

    v.                                                      Case No. 18-C-1579

PATHWAYS TO A BETTER LIFE, LLC,

        Defendant.

**DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

    Plaintiff James Lammers is a person who, in the language of the gender identity movement, identifies as non-binary, more commonly known as transgender, as well as intersexual and bisexual. He[1] is married to a woman and has two children. Lammers has male external genitalia, but possesses some secondary characteristics of a female, such as enlarged breast tissue and mammary glands, larger hip radius, and slower growing body hair. On January 13, 2017, Lammers began working as a mental health counselor at Defendant Pathways To A Better Life, LLC, a community-based alcohol and other drug addiction (AODA) detoxification and residential treatment facility located in Kiel, Wisconsin. In April 2017, about three months after he began employment with Pathways, and following several months of self-administering non-prescription hormone supplements, Lammers began wearing female clothing to work and publicly disclosed that he was gender nonconforming. A month later, on May 4, 2017, Pathways terminated

---

[1] The attorneys for both parties have used the pronouns "they," "them," and "their" to refer to Lammers, consistent with his apparent preference as stated in the amended complaint. Am. Compl. ¶ 23. The Court intends no disrespect to Lammers, but because the use of plural pronouns to refer to an individual is improper under standard rules of English grammar and is confusing to the reader, the Court will use the singular pronouns corresponding to his biological sex herein when necessary.

Lammers' employment on the stated ground that he was making inappropriate self-disclosures about his gender identity to other staff members and clients. Lammers claims that he was terminated because he identifies as a transgender person.

On October 9, 2018, Lammers filed this action against Pathways alleging sex-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Wisconsin Fair Employment Act, Wis. Stat. § 111, *et seq*. The case was stayed on joint motion of the parties to await the decision of the United States Supreme Court in *Bostock v. Clayton County* and *Harris Funeral Homes v. EEOC*, in which the Court had granted certiorari on the question of whether Title VII of the Civil Rights Act of 1964 prohibited employment discrimination on account of a person's sexual orientation and gender identity. On June 15, 2020, the Court issued its decision holding that Title VII's prohibition of discrimination on the basis of sex makes unlawful the discharge of an employee because he or she is either a homosexual or transgender person. 140 S. Ct. 1731 (2020). Following the Court's decision, the parties conducted pretrial discovery. The case is now before the Court on Pathways' motion for summary judgment. Dkt. No. 29. For the reasons that follow, Pathways' motion for summary judgment will be denied.

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and make all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010)

(citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Title VII of the Civil Rights Act of 1964 prohibits employers from firing employees on account of their membership in a protected class, which, under *Bostock*, now includes persons who are transgender. 42 U.S.C. § 2000e-2(a)(1). To prevail on his Title VII claim, Lammers must prove that he is a member of a class protected by Title VII and that he was fired at least in part because of his membership in that class. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 241 (1989) ("The critical inquiry, the one commanded by the words of § 703(a)(1), is whether gender was a factor in the employment decision at the moment it was made."). There is no dispute that Lammers is a member of a protected class, which means the sole issue in dispute is whether he was fired because of his membership in that class. Pathways' motion for summary judgment must therefore be denied if the evidence is sufficient to permit a reasonable factfinder to conclude that Pathways fired Lammers because he identifies as a transgender person. *Bostock*, 140 S. Ct. at 1737; *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). In making that determination, the "evidence must be considered as a whole, rather than asking whether any particular piece of evidence proves the case by itself—or whether just the 'direct' evidence does so, or the 'indirect' evidence." *Ortiz*, 834 F.3d at 765. Here, the evidence is sufficient to meet that standard.

In opposing Pathways' motion, Lammers has offered evidence that, until he began presenting as transgender, Pathways was satisfied that he was meeting Pathways' expectations for a counselor-in-training. Pl.'s Suppl. Proposed Findings of Fact (PSFOF) ¶ 11, Dkt. No. 38. In

3

fact, Pathways concedes as much. Def.'s Resp. to PSFOF ¶ 11, Dkt. No. 43. Once he began coming to work dressed as a woman, Lammers' gender identity became a "hot topic" of discussion for both residents and staff. PSFOF ¶ 16. "Staff at Pathways regularly gossiped and frequently made jokes about how Lammers was weird and how Lammers would wear dresses and would regularly treat Lammers differently than other staff." *Id.* ¶ 18. Staff began to informally communicate that some of the residents wanted to change counselors or reported "feeling weird" about Lammers. *Id.* ¶ 13. It was only then, Lammers contends, that Michael Slavin, Pathways' Clinical Director, and Heidi Thompson, Pathways' Administrator, sought permission from Susan Beattie, Pathways' owner and Chief Executive Officer, to terminate Lammers' employment. *Id.* ¶ 58. Beattie gave her permission, and Lammers contends he was fired at a meeting with Slavin and Thompson on May 4, 2017. *Id.* ¶ 66.

Pathways denies that it fired Lammers because he identifies as a transgender person. It contends that Lammers was not fired at all, but rather was suspended pending an investigation into complaints that he had violated Pathways' "boundaries policy" and that he voluntarily quit during that suspension. Pathways' "Boundaries with Residents Policy," as defined in its Employee Handbook, warns counselors to "[u]se caution when talking to a resident about your personal life," prohibits counselors from "shar[ing] information because you need to talk, or to help you feel better," and warns counselors not to "confuse the needs of the resident with your own needs." Def.'s Proposed Findings of Fact (DPFOF) ¶ 11, Dkt. No. 32. Pathways argues that Lammers was fired because "[he] repeatedly engaged in inappropriate conduct towards Pathways' patients, residents, and employees, which violated [Pathways'] Boundaries Policy, not because of [his] sex." Def.'s Br. in Supp. of Mot. for S.J. at 2, Dkt. No. 30.

4

Lammers disputes Pathways' contention, however, and has offered evidence from which a jury may conclude that Pathways' proffered explanation is a pretext. Lammers denies that he in fact violated Pathways' Boundaries Policy but simply responded to residents' and staff members' questions. Decl. of James Lammers ¶¶ 23–24, 44, Dkt. No. 39. Instead, Lammers asserts that Jody Kisolek, a counselor in training with whom he shared an office, frequently asked him questions about various aspects of his gender nonconformity, including his physiology, his clothing, his relationship with his wife, and his family life in general. *Id.* ¶ 23. He states that Kisolek began to display hostility toward him about his gender nonconformity and that he was informed by another counselor and Clinical Director Slavin that she viewed him negatively. *Id.* ¶ 26. In addition, Lammers states that Pathways' residents frequently made jokes about his gender nonconformity, including in crude and/or offensive terms, with particular focus on his physiology and his family life. *Id.* ¶ 34. Lammers claims that he complained about Kisolek and the comments residents were making, but nothing was ever done. *Id.* ¶¶ 27, 36.

Lammers further states he was never given a copy of the Employee Handbook or provided any policy about it. *Id.* ¶ 14. He contends that Kisolek frequently shared details about her personal life in the office, including her sexual experiences, and gossiped frequently about Pathways' residents and various counselors in the area but was never disciplined. *Id.* ¶¶ 29–30. He contends that Connie Woythal, his immediate supervisor, never stated or suggested that he was behaving inappropriately at Pathways, but implied that Kisolek was uncomfortable with his gender nonconformity. *Id.* ¶ 32. At the meeting on May 4, 2017, during which he was fired, Lammers states that Slavin claimed that there were "complaints" about him but refused to provide any specifics when he asked for them. *Id.* ¶ 52. Then, when he accused Pathways of discriminating against him because of his gender nonconformity, Thompson told him they would investigate his

5

accusation but never told him he was not fired. *Id.* ¶¶ 54–56. In fact, Thompson asked him to sign a form acknowledging that he was fired and directed him to collect his belongings and not return to the facility. *Id.* ¶¶ 57–58. On May 2, 2017, only two days earlier, Beattie had directed Pathways management to begin assembling documentation "for [Lammers'] employee file showing [Pathways] addressed [Lammers'] boundaries and behaviors at work" to get "as much documentation as possible." PSFOF ¶ 65.

This evidence is more than sufficient to permit a reasonable jury to conclude that Pathways fired Lammers because he identifies as a transgender person. Indeed, given the broad definition of the phrase "because of" in 42 U.S.C. § 2000e-2(a)(1) that was adopted by the Court in *Bostock*, it is unclear whether Pathways would be in violation of Title VII even if it did fire Lammers, as Pathways claims, because he violated its Boundaries Policy by disclosing personal information about his gender nonconformity. *See* 140 S. Ct. at 1741 ("An employer violates Title VII when it intentionally fires an individual employee based in part on sex. It doesn't matter if other factors besides the plaintiff's sex contributed to the decision. And it doesn't matter if the employer treated women as a group the same when compared to men as a group."). The Court need not address that question at this point, however. It is enough to say that Lammers has presented evidence from which a reasonable jury could find in his favor. Pathways' motion for summary judgment (Dkt. No. 29) must therefore be **DENIED**. The Clerk shall set this matter for a telephone conference to address further scheduling.

**SO ORDERED** at Green Bay, Wisconsin this 19th day of July, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge